## Santore et al. v. Graf Motor, Inc.

*Matthew K. Stevens*, for plaintiffs; *John J. McDevitt, Jr.*, for defendant.

ALESSANDRONI, J., July 12, 1932.—Plaintiff issued a summons in trespass against Graf Motor, Inc., a foreign corporation incorporated in the State of Delaware, duly registered with the Secretary of the Commonwealth and having its principal office in the County of Delaware, Pennsylvania. It appears from the petition, answer and briefs that Daniel Santore, minor plaintiff, caused a summons to issue as the result of an automobile accident occurring in Delaware County. Service of the summons was made under the provisions of section two of the Act of June 8, 1911, P. L. 710, which provides, inter alia, as follows:

"Every such foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the Secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served; and service of process on the Secretary of the Commonwealth shall be of the same legal force and validity as if served on it. . . . Such process may be issued by any court or magistrate or justice of the peace having jurisdiction of the subject matter in controversy, in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose. . . ."

The service of the writ is attacked upon the ground that the plaintiff is required under the provisions of section two of the act to bring his action "in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose;" in other words, that the writ should have issued in Delaware County, defendant's principal place of business, as well as the county in which the right of action arose. To this the plaintiff replies that the action is transitory and that the action may be brought in any county regardless of the provision above referred to. We cannot agree with this contention: Kolasky v. Delaware & Hudson Co., 25 Dist. R. 23. As was said there:

"The plaintiff can sue the defendant anywhere, the action being transitory. He must, however, obtain service on the defendant, otherwise he has no writ.

"Service on the corporation can only be

"1. At its principal place of business or where the injury occurred.

"2. On the Secretary of the Commonwealth. The second service is conventional—a legal substitute for the first.

"Actual service could be made only in Lackawanna County, where the injury occurred and where defendant's principal place of business is located.

"A Philadelphia writ cannot be served in Lackawanna County, for the issue of the writ is confined by the Act of 1911 to the county where the principal place

of business is located or where the injury happened. Hence, as the service at Harrisburg on the Secretary of the Commonwealth is a mere substitute for the service in Lackawanna County, and service in Lackawanna County could not be made of the Philadelphia writ, the Harrisburg service was a substitute for nothing. There was a writ serviceable in Lackawanna County, and there the plaintiff will find his remedy, if entitled to one."

We are not concerned here with the Act of May 14, 1929, P. L. 1721, which makes the secretary of revenue the agent for service of process in any suit instituted in the courts of Pennsylvania against nonresident operators or owners of motor vehicles who accept the privilege of the laws of this Commonwealth to operate here. Nor are we called upon to pass upon the applicability of this act to the facts before us, since the plaintiff clearly issued his process and attempted to make service under the Act of 1911. We are, therefore, of the opinion that the process should have issued in Delaware County and that the rule to set aside service must be made absolute.

And now, to wit, July 12, 1932, the rule to set aside service is made absolute. An exception to this action of the court is hereby granted the plaintiff.